(65 App. Div. 242.)

### LIVINGSTON v. LIVINGSTON.

(Supreme Court, Appellate Division, First Department.  November 8, 1901.)

DIVORCE—ALIMONY—DECREE — MODIFICATION — REFERENCE — INTERLOCUTORY
ORDER—APPEAL—STATUTES—CONSTITUTIONALITY.

Where defendant in divorce, who had been required to pay alimony, made an application for a modification of the decree on the ground of change in his circumstances, under Laws 1900, c. 742, authorizing the modification of any such decree if justice require, and the court made an interlocutory order for a reference to determine the circumstances of the parties, on appeal from such order the constitutionality of the statute would not be considered, since it might appear that on the merits no modification was required.

Appeal from special term, New York county.

Application by William S. Livingston for modification of a decree requiring him to pay alimony to Mary W. Livingston.  From an order of reference, Mary W. Livingston appeals.  Appeal dismissed.

Appeal by plaintiff from an order entered in the clerk's office of the county of New York on the 29th day of May, 1901.  On the 28th day of April, a final judgment of divorce was entered herein in favor of plaintiff, and awarding her the custody of two children, the issue of the marriage, and requiring defendant to pay her the sum of $4,000 per annum during her life, for the support and maintenance of herself and children.  The decree further required defendant to execute a bond in the sum of $10,000 to secure such payment.  Defendant has filed the bond, and made the payments required by the decree.  The right was not reserved in the decree to make a further application for a modification of the terms thereof.  In 1899 an application, tending to show quite a serious change in his financial circumstances, was made by defendant for the modification of the decree as to the amount to be paid for the maintenance of plaintiff and the children.  The motion was denied for want of statutory authority.  46 App. Div. 18, 61 N. Y. Supp. 299.  Section 1769 of the Code of Civil Procedure was thereafter amended by chapter 742 of the Laws of 1900, so as to authorize the court, on application, to vary or modify the direction contained in such judgments, whether theretofore or thereafter rendered, as to the payment of moneys for the support and maintenance of a wife and children.  After this amendment the defendant renewed his application, and the court thereupon appointed a referee to take proof of the present circumstances of the parties, and to report, with his opinion thereon.  The appeal is from this order of reference.

Argued before VAN BRUNT, P. J., and O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

A. H. Hummel, for appellant.
J. Van Vechten Olcott, for respondent.

LAUGHLIN, J.  It is sought by this appeal to have the court pass upon the constitutionality of the amendments to section 1769 of the Code of Civil Procedure, by which the legislature has authorized the courts, upon notice and proof, to vary or modify the direction contained in a final judgment of divorce theretofore rendered with respect to the payment required to be made by the husband for the support and maintenance of his wife and children. The order is interlocutory, and we decline to pass upon this constitutional question at the present time.  People v. McNamara, 18 App. Div. 17, 45 N. Y. Supp. 456; People v. Telford, 23 App. Div.

625, 48 N. Y. Supp. 1112. It is not necessarily involved in the case. The proof may satisfy the court that the decree should not be modified, even if the power to modify exists. The reference should be permitted to proceed, and the motion should be decided upon the merits. Then, if the constitutional question necessarily arises, it may with propriety be authoritatively decided.

The appeal should be dismissed, but without costs. All concur.